# Supreme Court of Florida

--------

No. SC2024-0750

--------

**IN RE: AMENDMENTS TO FLORIDA RULES OF APPELLATE PROCEDURE 9.142 AND 9.210.**

July 11, 2024

PER CURIAM.

The Florida Bar's Appellate Court Rules Committee (Committee) proposes, and The Florida Bar's Board of Governors unanimously approved, amending rules 9.142 (Procedures for Review in Death Penalty Cases) and 9.210 (Briefs).[1]  The Committee published its proposals for comment in the March 2024 edition of *The Florida Bar News* before filing its report with the Court.  No comments were received by the Committee.

After considering the Committee's proposals, we adopt the Committee's amendments as proposed.  We amend rule 9.142(c)(3)(A) to reflect that petitions seeking review of nonfinal

--------

1.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b).

orders in death penalty postconviction proceedings must be served on the judge who issued the order to be reviewed, rather than a copy of the petition simply being furnished to the judge. This change will allow the Florida Courts E-Filing Portal to correctly direct such documents to judges.

We also amend rule 9.210(a)(2)(D) to include a word limit equivalency to the existing page number limitation. Subdivision (a)(2)(D) is amended to add a limit of 20,000 words to the 75-page limitation for initial and answer briefs and a limit of 6,500 words to the 25-page limitation for reply briefs.

Accordingly, we amend the Florida Rules of Appellate Procedure as reflected in the appendix to this opinion. New language is underscored; deleted language is stricken through. The amendments to these rules shall become effective on October 1, 2024.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Appellate Procedure

Christine Riley Davis, Chair, Appellate Court Rules Committee, St. Petersburg, Florida, Elaine D. Walter, Past Chair, Appellate Court Rules Committee, Miami, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Heather Savage Telfer, Bar Liaison, The Florida Bar, Tallahassee, Florida,

     for Petitioner

# APPENDIX

## RULE 9.142. PROCEDURES FOR REVIEW IN DEATH PENALTY CASES

**(a)-(b)** **[No Change]**

**(c)** **Petitions Seeking Review of Nonfinal Orders in Death Penalty Postconviction Proceedings.**

(1)-(2) [No Change]

(3) *Commencement; Parties.*

(A) Jurisdiction of the supreme court must be invoked by filing a petition with the clerk of the supreme court within 30 days of rendition of the nonfinal order to be reviewed. ~~A copy of t~~The petition must be served on the opposing party and ~~furnished to~~on the judge who issued the order to be reviewed.

(B) [No Change]

(4)-(11) [No Change]

**(d)** **[No Change]**

### Committee Notes
### [No Change]

### Criminal Court Steering Committee Note
### [No Change]

## RULE 9.210. BRIEFS

**(a)** **Generally.** Unless otherwise ordered by the court, the only briefs permitted to be filed by the parties in any 1 proceeding are the initial brief, the answer brief, and a reply brief. A cross-reply brief is permitted if a cross-appeal has been filed or if the

respondent identifies issues on cross-review in its brief on jurisdiction in the supreme court. All briefs required by these rules must be prepared as follows:

(1)     [No Change]

(2)     Computer-generated briefs must not exceed the word count limits of this subdivision. Handwritten or typewritten briefs must not exceed the page limits of this subdivision. The word count or page limits for briefs will be as follows:

(A)-(C)     [No Change]

(D)     In an appeal from an order summarily denying an initial postconviction motion filed under Florida Rule of Criminal Procedure 3.851, a ruling on a successive postconviction motion filed under Florida Rule of Criminal Procedure 3.851, a finding that a defendant is intellectually disabled as a bar to execution under Florida Rule of Criminal Procedure 3.203, or a ruling on a motion for postconviction DNA testing filed under Florida Rule of Criminal Procedure 3.853, the initial and answer briefs must not exceed 20,000 words or 75 pages. Reply briefs must not exceed 6,500 words or 25 pages.

(E)     [No Change]

(3)     [No Change]

**(b)-(h)     [No Change]**

**Committee Notes**

**[No Change]**

**Court Commentary**

**[No Change]**